UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HARRISON BROER, Individually and on
Behalf of all others similarly situated,**

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　**Case No.: 4:21-cv-328-AW-MAF**

**FLORIDA STATE UNIVERSITY
and FLORIDA STATE UNIVERSITY
BOARD OF TRUSTEES, as the public
body corporate of Florida State University,**

    Defendant.

_____/

## JOINT PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN

Pursuant to the Initial Scheduling Order [(Doc. 3)], entered on August 9, 2021, a Rule 16(b) and 26(f) conference was held on August 31, 2021, at 4:00 p.m., during which the following persons participated telephonically:

For Plaintiff:　　Joshua H. Eggnatz.
　　　　　　　　Eggnatz Pascucci
　　　　　　　　7450 Griffin Rd, Ste. 230
　　　　　　　　Davie, FL 33314

　　　　　　　　and

　　　　　　　　Gregory M. Egleston,
　　　　　　　　Gainey McKenna & Egleston
　　　　　　　　501 Fifth Avenue, 19th Floor
　　　　　　　　New York, NY 10017

| | |
|---|---|
| For Defendant: | Robert J. Sniffen<br>Sniffen & Spellman, P.A.<br>123 North Monroe Street<br>Tallahassee, FL 32301 |

The parties respectfully jointly propose the following scheduling order and discovery plan.

**Scheduling Order:**

To the extent that the parties could not agree on certain aspects of the discovery period and discovery plan for this putative class action, then the parties have submitted differing proposals where appropriate. Where one date is submitted, the parties agree.

1. **Case Management by Phases**. In this case, putative class action named plaintiff, Harrison Broer ("Broer" or "Plaintiff"), filed an Amended Complaint in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida that asserts counts for breach of contract, unjust enrichment, violation of the takings clause and inverse condemnation against Defendant, Florida State University and Florida State University Board of Trustees ("FSU").[1] FSU removed the case to the United States District Court, Northern District of

---

[1] In its Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings, FSU has asserted that it is improper to sue "Florida State University" since the Florida Legislature has designated university boards of trustees as the proper entities with the power to sue and be sued. (Doc. 11 at p. 3) (citing § 1001.72(1), Fla. Stat. (2020)). For purposes of this pleading, the Florida State University Board of Trustees will refer to itself as FSU.

Florida, Tallahassee Division. (Doc. 1). FSU filed a Motion to Dismiss Class Amended Action Complaint, or in the Alternative, Motion for Judgment on the Pleadings and Supporting Memorandum of Law [(Doc. 11)], on grounds that include sovereign immunity. **The Parties jointly request that the Court enter a series of case management orders for each case phase.**

The first phase of this lawsuit is the motion to dismiss phase, and the Parties agree it is in the interest of justice and judicial economy for this Court to address the merits of Broer's claims on a motion to dismiss for failure to state a claim before addressing class certification. FSU desires a stay of discovery pending final disposition of the sovereign immunity issue presented in the motion to dismiss, which is opposed by the Plaintiff. Even if discovery is allowed in this motion to dismiss phase, it should be limited to issues bearing on the issue of sovereign immunity and would not involve wide ranging class-wide discovery merits or damage discovery. The motion to dismiss stage has begun and will likely run until such time as the Motion is adjudicated.

The second phase of this lawsuit is the class certification phase, and the Parties agree it is in the interest of justice and judicial economy to not apply the 90-day deadline in Local Rule 23.1, but to instead order a class action briefing schedule and prioritize the focus on class-related discovery during the time which class-related discovery and briefing are proceeding. The Parties agree there needs to be ruling on

Plaintiff's contested class certification motion before determining the schedule for the jury trial which Plaintiff has demanded on the merits, as it will only then be known whether the trial will involve only Broer or a class he also hopes to represent.

The third phase of the lawsuit is the remaining merits and trial phase, with the need for competition of merits discovery,[2] damage discovery as to the certified class (or individual claims if not certified), final expert disclosures, dispositive motion deadlines, pretrial compliance, and the trial. Within a time certain after disposition of the class certification motion, the Parties could hold another Rule 26(f) planning conference and submit another joint proposed scheduling to assist the Court in establishing such deadlines. The Parties agree that the soonest this case would be ready for a class-wide trial on the merits would be **September 2023**, which is two (2) years after removal. An appropriate discovery cut-off date for such a trial period would be **April 2023**.

2.  **Pre-Discovery Disclosures**: Subject to the Court's decision on the forthcoming motion to stay discovery FSU will file, the parties will exchange initial disclosures as required by Fed. R. Civ, P. 26(a)(1) by **September 30, 2021.**

3.  **Joinder of Parties and Amendments to Pleadings**: Plaintiff shall

---

[2] While some merits discovery will be explored in the class certification phase, the remainder of merits discovery can most efficiently be addressed after the Court renders a decision on class certification to define the scope of the class, including the time frame applicable and the individuals involved as part of any certified class.

have until **December 31, 2021** to amend pleadings or join parties. The Defendant shall have until **January 31, 2022 to** amend pleadings or join parties.

4.   **Postponement of Scheduling Jury Trial and Related Pretrial Compliance and Requested Jury Trial Date if**: It is respectfully submitted that the jury trial of this cause and the deadlines for all trial-related pretrial compliance should be scheduled after this Court has completed the motion to dismiss phase andthe motion for class certification phase, because the parties cannot reasonably propose a trial date, or estimate the length of time required for trial, before any such class certification ruling is made. The parties propose that within 30 days after the Court's ruling on any motion for class certification, the parties shall conduct another Rule 26(f) planning conference and submit another joint proposed scheduling order.The Parties agree the trial period in the *Initial Scheduling Order* [(Doc. 3)] should be modified in the manner requested in this Joint Proposed Scheduling Report, and if the Court determines it is necessary to now schedule a jury trial date on the meritsof the case, then it should be no sooner than **September 2023**, which is 2-years from filing.

5.   **Briefing Schedule for any Motion for Class Certification**: Any motion for class certification shall be filed by Plaintiff on **May 2, 2022**. Any response in opposition shall be filed by Defendant on **June 2, 2022**. Any reply shall be filed by Plaintiff on or before **June 16, 2022**. The parties do request a class

certification hearing; but it need not be scheduled at this time. Either party may request a hearing when briefing class certification and the Court can then address it.

6. **Motions for Summary Judgment and Daubert Motions**: If either party files a motion for summary judgment, the opposing party shall have 28 days from the date the motion is filed to file an opposition brief, and the moving party shall have 14 days from the date the opposition brief is filed to file a reply. The deadline for any dispositive motions is 21 days after the end of discovery.

7. **Discovery Plan which Prioritizes Class Certification Issues**: After the conclusion of the Motion to Dismiss phase of the case, which the parties anticipate will conclude in **November 2021**, the parties jointly propose the following discovery plan which prioritizes class certification related subjects but allows the parties to efficiently conduct the remaining issues after class certification is decided.

(a) The date on which all discovery shall be completed shall not be later than February 28, **2023**. Any motions to compel discovery must be filed no later than 30 days before the close of discovery.

(b) Any reports from retained experts under Rule 27(a)(2) relevant to class certification are due in conjunction with that Party's class certification briefing. The parties shall make any designated expert available for deposition

within14 days of that expert's report. Expert reports related to the merits phase of the case shall be due no later than 60 days before the close of discovery for the Plaintiff, and 30 days before the close of discovery for the Defendant.

      (c)      The parties agree to the limitations on discovery in the Federal Rules of Civil Procedure.

      (d)      In the event a party inadvertently produces to the other party attorney-client privileged or attorney work-product, the producing party shall notifythe receiving party and request the return of the materials. The materials and any copies thereof immediately will be returned and may not be used in this litigation orin any other proceeding. If the receiving party disputes the producing party's claim of privilege or work-product then the receiving party may file a motion with the Court requesting production of the returned materials.

      8.      **Disclosure or discovery of electronically stored information**: Both sides may have electronically stored information ("ESI") to be produced and will search for and produce responsive ESI in accord with the requirements, limitations, and protections afforded by the Federal Rules of Civil Procedure or as otherwise agreed. The parties do not anticipate complicated electronic discovery issues, and should it prove necessary in the future will submit a joint ESI protocol. Spreadsheets, databases, and other documents which due to their format, content, ornature may be best manipulated or viewed in their native format shall be

produced in native format. Electronically stored information shall be produced on disk, hard drive, or through FTP as determined by the responding party to be the most efficient,convenient, or economical. The parties have undertaken reasonably diligent measures to identify and preserve potentially relevant information. The parties reserve all objections and protections afforded by the governing Rules.

9. **Additional Information Per the Court's Initial Scheduling Order**:

(1) Magistrate judge jurisdiction: The parties have conferred regarding this issue.

(2) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed: N/A

(3) Any other orders that the Court should issue under Rule 29(c) or under Rule 16(b) and (c). N/A

Dated: September 7, 2021.

Respectfully submitted,

/s/ *Joshua H. Eggnatz*
**JOSHUA H. EGGNATZ**
Fla. Bar No.: 0067926

**EGGNATZ PASCUCCI PA**
7450 Griffin Road
Suite 230
Davie, FL 33328
Tel: (954) 889-3359
Fax: (954) 88905913

jeggnatz@justiceearned.com

*Local Counsel for Plaintiff*

&

/s/ *Gregory M. Egleston*
**GREGORY M. EGLESTON**
**(Admitted PHV)**

**GAINEY MCKENNA & EGLESTON**
501 Fifth Avenue
19th Floor
New York, NY 10017
(212) 983-1300 (Office)
egleston@gme-law.com

*Counsel for Plaintiff*

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Fla. Bar No.: 0000795
**MATTHEW J. CARSON**
Fla. Bar No.: 0827711
**JEFFREY D. SLANKER**
Fla. Bar No.: 100391

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, FL 32301
Tel: (850) 205-1996
Fax: (850) 205-3004

rsniffen@sniffenlaw.com
mcarson@sniffenlaw.com
jslanker@sniffenlaw.com

*Counsel for Florida State University Board of Trustees*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 7th day of September, 2021, a true and correct copy of the foregoing was electronically filed in the United States District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**