UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HARRISON BROER, Individually and on
Behalf of all others similarly situated,**

    Plaintiffs,

v.                                          Case No.: 4:21-cv-328-AW-MAF

**FLORIDA STATE UNIVERSITY
and FLORIDA STATE UNIVERSITY
BOARD OF TRUSTEES, as the public
body corporate of Florida State University,**

    Defendants.

_____/

**MOTION TO STAY DISCOVERY OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER RELEIVING DEFENDANT FROM RESPONDING TO DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION**

Defendant, **FLORIDA STATE UNIVERSITY BOARD OF TRUSTEES, as the public body corporate of Florida State University**, by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 26(c) and N.D. Fla. Loc. R. 7.1, moves to stay discovery in this matter until the Court's ruling on Defendant's Motion to Dismiss, or in the alternative, Motion for Judgment on the Pleadings. (Doc. 11). Alternatively, Defendant seeks a protective order relieving it from responding to

Plaintiff's written discovery or participating in any depositions until the Motion is adjudicated.

## BACKGROUND

1. Following removal of this case, on August 27, 2021, Defendant filed its Motion to Dismiss, or in the alternative, Motion for Judgment on the Pleadings. (Doc. 11). Defendant's Motion seeks dismissal (or judgment on the pleadings) of all claims raised by Plaintiff because: (1) sovereign immunity bars Plaintiff's breach of contract claim; (2) sovereign immunity bars Plaintiff's unjust enrichment claim; (3) the Florida Legislature has not authorized a cause of action for the recovery of fees or tuition; (4) Eleventh Amendment immunity bars Plaintiff's federal takings claim; and (5) as a matter of law, Plaintiff is unable to state an inverse condemnation claim under the Florida Constitution because the fees and tuition for which Plaintiff seeks a *pro rata* refund do not qualify as a constitutionally protected property right. (Doc. 11).

2. On September 8, 2021, the parties filed their joint report pursuant to Rule 26(f) setting forth a detailed discovery and proposed trial schedule. (Doc. 18). As noted in paragraph 1 of the Report, Defendant has proposed that discovery be stayed in this action during the initial phase of this case, referred to as the "Motion to Dismiss stage." Plaintiff opposes the stay. (Doc. 18 at pp. 2-3).

3. After the Rule 26(f) Report was filed, also on September 8, 2021, Plaintiff served Defendant with a request for production containing seventy (70) separate document requests and fifteen (15) interrogatories. **(Exhibits 1 and 2)**. The information sought by Plaintiff will require extensive effort.

4. In the meantime, Plaintiff's response to Defendant's Motion is due September 24, 2021. (Doc. 16).

5. For the reasons stated herein, Defendant requests that discovery be stayed until such time as the Court is able to consider and adjudicate Defendant's Motion. In the alternative, Defendant seeks a protective order.

6. Defendant's Motion raises dispositive issues of law for which no discovery is necessary. If granted, the Motion will dispose of the entirety of this lawsuit. (Doc. 11).

## MEMORANDUM OF LAW

I. **Argument and Authority – Discovery Should Be Stayed Until the Court Has Had the Opportunity to Adjudicate the Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings (Doc. 11)**

Federal district courts have "broad discretion in deciding how best to manage the cases before them." <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1366 (11th Cir. 1997). As the Court is aware, this discretion extends to pre-trial matters such as discovery and scheduling. *See*, <u>Perez v. Miami-Dade Cty.</u>, 297 F. 3d 1255,

1263 (11th Cir. 2002) ("[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters."); *Johnson v. Bd. of Regents of the Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("First, we accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.") (citing *Chudasama*, 123 F. 3d at 1366). The Eleventh Circuit has "repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid 'a massive waste of judicial and private resources' and a loss of society's 'confidence in the courts' ability to administer justice.'" *Perez*, 297 F. 3d at 1263 (quoting *Johnson v. Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F. 3d 1290, 1333 (11th Cir. 1998)) (internal citation omitted). "Granting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Rivas v. The Bank of New York Mellon*, 676 F. Appx. 926, 932 (11th Cir. 2017) (citing *Chudasama*, 123 F. 3d at 1367) (stating that motions to dismiss for failure to state a claim "always present[ ] a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court ha[s] any need for discovery before the court rules on the motion.").

Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to stay discovery to protect parties from undue burden or expense. *N.P. v. School Board of Okaloosa Cty.*, No.: 3:18-CV-453-MCR-CJK, 2018 WL 7358591 at * 2-3 (N.D. Fla.

Nov. 5, 2018); *Ben Smith v. University Community Hospital, Inc. d/b/a Florida Hospital Carrollwood*, No.: 8:18-CV-270-T-AAS, 2018 WL 4907910, at *1 (M.D. Fla. Oct. 10, 2018). The Rule also allows permits district courts to enter appropriate protective orders prohibiting discovery. Fed. R. Civ. P. 26(c)(1).

The Eleventh Circuit has upheld stays of discovery under Rule 26(c) where:

- there has been a "facial challenge to the legal sufficiency of a claim." *Chudasama*, 123 F.3d at 1367;

- a challenge to the district court's subject matter jurisdiction *Lawrence v. Governor of Georgia*, 721 Fed. Appx. 862, 864-865 (11th Cir. 2018); *Rivas*, 676 Fed. Appx. at 932;

- the plaintiff is unable to prove any set of facts that entitle him to relief *Moore v. Potter*, 141 Fed. Appx. 803, 803-807 (11th Cir. 2005) (trial court did not err in the imposing a stay pending resolution of a motion to dismiss);

- a dispositive motion raises issues of judicial immunity *Overcash v. Shelnutt*, 753 Fed. Appx. 741, 746 (11th Cir. 2018); *Redford v. Gwinnett County Jud. Cir.*, 350 Fed. Appx. 341, 346 (11th Cir. 2009); and

- an appeal is taken from the denial of governmental or official immunity *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004).

Moreover, this Court is well versed in the law applicable to discovery stays in the context of qualified and sovereign immunity. The United States Supreme Court, Eleventh Circuit and Northern District of Florida have issued countless orders addressing the issue and articulating the policy implications for relieving party-defendants from discovery burdens until threshold legal issues are resolved. *See*, *e.g.*, <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684-86 (2009) (discussing importance of staying discovery in qualified immunity context and in the context of a motion to dismiss for failure to state a claim); <u>Siegert v. Gilley</u>, 500 U.S. 226, 231-32 (1991) (holding the threshold immunity question should be resolved before discovery is allowed); <u>Harbert Intern., Inc. v. James</u>, 157 F. 3d 1271, 1281 (11th Cir. 1998) ("As noted earlier, qualified immunity is intended to protect the government official not only from civil liability, but also from suit and its concomitant burdens."); <u>Ray v. Folz</u>, 370 F. 3d 1079, 1082 (11th Cir. 2004) (noting that qualified immunity is immunity from suit, not simply a defense to raise at trial); <u>N.P.</u>, 2018 WL 7358591 at *2-3 ("…a court should resolve the issues of sovereign and qualified immunity before allowing discovery."). Other federal district courts in Florida have reached the same conclusion. *E.g.*, <u>Jessup v. Miami-Dade Cty.</u>, Case No.: 08-21571-CIV-Seitz/O'Sullivan, 2009 WL 10717143 at *1 (S.D. Fla. Sept. 16, 2009) ("Ordinarily, a court will stay discovery pursuant to Fed. R. Civ. P. 26(c) until Defendants'

qualified and sovereign immunity defenses are addressed at the pleading stage.") (citing *Harlow v. Fitgerald*, 457 U.S. 800, 818 (1982)).[1]

Like qualified immunity under federal law, Florida law is clear that "sovereign immunity is both an immunity from liability and an immunity from suit." *Florida Highway Patrol v. Jackson*, 288 So. 3d 1179, 1185 (Fla. 2020). Because the State's immunity from suit in the first instance is addressed by the sovereign immunity defense, "entitlement to sovereign immunity should be established as early in the litigation as possible." *Id*. The importance of adjudicating the defense at the earliest stage of litigation is particularly important "in light of the separation of powers principles that animate the doctrine of sovereign immunity." *Id*. And while the Federal Rules of Appellate Procedure apply to federal court proceedings such as this one, analogously, the Florida Supreme Court has recently elevated the import of sovereign immunity by amending the Florida Rules of Appellate Procedure to permit interlocutory appeals of orders that deny the defense (even if not explicitly), a rule that mirrors the interlocutory appeal rule applicable to the qualified immunity defense. *Id*. at 1186.

In the case *sub judice*, proceeding with discovery while Defendant's

---

[1] Similarly, courts have granted stays of discovery until dispositive motions are decided in cases involving takings claims. *See*, *e.g.*, *Ministerio Roca Solida v. U.S. Dept. of Fish and Wildlife,* 288 F.R.D. 500 (7th Cir. 1989) (holding that a stay of discovery in a takings case is warranted until threshold issues such as sovereign immunity are decided).

dispositive motion is pending raises not only potentially unnecessary expenses for both parties, but also potentially wastes judicial resources in dealing with discovery issues that could become moot upon the Court's ruling on the Motion. Allowing discovery, particularly broad ranging document requests and interrogatories, undercuts the reasons for sovereign immunity, a defense that is directed to the subject matter jurisdiction of the Court.[2] See, Wallace v. Dean, 3 So. 3d 1035, 1045 n.14 (Fla. 2009); Brevard County v. Morehead, 181 So. 3d 1229, 1233 (Fla. 5th DCA 2015) (applying sovereign immunity to unjust enrichment, quantum meruit and implied contract claims and finding circuit court lacked subject matter jurisdiction over them).

Even if resolution of Defendant's Motion does not result in the dismissal of the entire action, it may narrow the scope of discovery significantly by dismissing some of Plaintiffs' numerous claims. Allowing discovery while the Motion is not yet resolved may impose otherwise avoidable and unnecessary costs to the litigants and also the court, and cause the same governmental disruption that sovereign immunity serves to prevent. See, Chudasama, 123 F.3d at 1368; G&J Investments Corp. v. Fla. Dep't of Health and Rehab. Servs., 429 So. 2d 391, 391 (Fla. 3d DCA

---

[2]   These reasons include, among other things, the "protection of the public against profligate encroachments on the public treasury." Spangler v. Fla. State Tpk. Auth., 106 So. 2d 461, 464 (Fla. 1958).

1983) (stating that one reason for sovereign immunity defense is to prevent government disruption).

A brief delay in discovery will not materially alter the case. The parties have proposed a phased-based approach to this litigation, including a discovery deadline of April 2023 should the case go forward. (Doc. 18). If the Court does not dismiss the case entirely, the parties will still have an opportunity to conduct discovery following a brief postponement. *See*, <u>Allmond v. City of Jacksonville</u>, Case No. 3:07-cv-1139-J-33TEM, 2018 WL 2704426, at *2 (M.D. Fla. July 8, 2000) (granting a motion to stay discovery pending adjudication of motion to dismiss because plaintiff would have adequate time for discovery if motion was denied). A brief stay of discovery is unlikely to unduly prejudice Plaintiffs, as Defendant has provided more than "just a meritorious 12(b)(6) motion" as the grounds for staying discovery. <u>Ministerio Roca Solida</u>, 288 F.R.D. at 502.

A temporary stay will also conserve judicial resources by reducing the potential for discovery disputes that will inevitably arise if Plaintiff is allowed to proceed with discovery during the pendency of Hazen's dispositive motions. *E.g.*, <u>Coastal States Gas Corp. v. Dep't of Energy</u>, 84 F.R.D. 278, 282 (D. Del. 1979) (finding that staying discovery pending resolution of potentially dispositive motions employs an "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

9

## II.     Conclusion

For the foregoing reasons, Defendant respectfully requests entry of an Order staying discovery pending the adjudication of its dispositive Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings.

### CERTIFICATE OF CONFERRAL

Pursuant to N.D. Loc. R. 7.1 the undersigned certify that Plaintiff's Counsel was contacted in a good faith effort to resolve the issues herein. Plaintiff's counsel advises that Plaintiff opposes a stay of discovery.

Respectfully submitted this 23rd day of September, 2021.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com
/s/*Jeffrey D. Slanker*
**JEFFREY D. SLANKER**
Florida Bar Number: 100391
jslanker@sniffenlaw.com
/s/ *Matthew J. Carson*
**MATTHEW J. CARSON**
Florida Bar Number: 0827711
mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Florida State University Board of Trustees*

## WORD COUNT CERTIFICATION

This document complies with word limits set forth in N.D. Fla. Local Rule 7.1(F), and contains 2,117 words, which includes the headings, footnotes, and quotations, but does not include the case style, signature block or Certificates of Word Count and Service.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of September, 2021, a true and correct copy of the foregoing was electronically filed in the United States District Court, Northern District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**