IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**HARRISON BROER,**

    **Plaintiff,**

v.                                                                   Case No. 4:21-cv-328-AW-MAF

**FLORIDA STATE UNIVERSITY
BOARD OF TRUSTEES and FLORIDA
STATE UNIVERSITY,**

    **Defendants.**
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS
## AND REMANDING TO STATE COURT

Plaintiff Harrison Broer sued Florida State University and the Florida State University Board of Trustees (collectively the "University") over the University's decision to move all classes online after COVID-19 arrived. In Broer's view, he paid for in-person education, received a less valuable online education, and is entitled to the difference. So he initiated this putative class action, claiming breach of contract and unjust enrichment. ECF No. 1-1 at 23, 25. He brought these state-law claims in state court, but when he later amended to add a Fifth Amendment takings claim, the University removed the case to this court, asserting federal-question jurisdiction. *See* ECF No. 1 at 1-2; *see also* 28 U.S.C. §§ 1331, 1441(a).

1

The University has now moved to dismiss. ECF No. 11. This order grants the motion as to Count III, the Fifth Amendment takings claim, ECF No. 1-1 at 131. With the federal question eliminated, this order remands the rest to state court.[1]

The facts come from Broer's complaint, and at this stage any well-pleaded facts are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Broer attended the University's law school during the Spring 2020 semester. ECF No. 1-1 at 97 ¶ 21. The University offers both in-person and online degree programs, *id.* at 105 ¶ 49, and Broer opted for in-person classes, *id.*, which he perceived as superior to the online program, *see id.* at 119 ¶ 93-98. Like many schools, the University moved everything online when COVID-19 spread in the spring of 2020. *Id.* at 109 ¶¶ 64-68. Those who had been attending in person—like Broer—received no tuition refunds, *id.* at 112 ¶ 77 even though in-person courses cost more than the online courses, *id.* at 114-15 ¶ 86, 117-18 ¶ 90.

To survive a Rule 12(b)(6) motion to dismiss, Broer's complaint must have asserted facts that "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. As to Count III, it did not.

---

[1] There is another case presenting these same claims against the University of Florida. *See Lam v. Univ. of Fla. Bd. of Trustees*, No. 1:21-cv-137 (N.D. Fla. filed Aug. 20, 2021). The university defendants in that case (represented by the same counsel as the defendants here) moved to dismiss that one too. The issues and arguments are the same in both cases, and this order is substantively identical to an order issued today in the other case.

The Takings Clause provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend V.[2] To show a violation, a plaintiff must "demonstrate that he possesses a 'property interest' that is constitutionally protected." *Givens v. Ala. Dep't of Corr.*, 381 F.3d 1064, 1066 (11th Cir. 2004) (quoting *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1000-01 (1984)). Substantive state law controls whether there is a property interest, and "[w]hether Florida law has created a property interest is a legal question for the court to decide." *Key W. Harbour Dev. Corp. v. City of Key West*, 987 F.2d 723, 727 (11th Cir. 1993).

Broer asserts a property interest in tuition he paid, even after he paid it. He claims "there is a property right by an owner in funds held in an account managed by another" and that this concept encompasses funds paid "as consideration" for a semester's education. ECF No. 1-1 at 131 ¶ 149. Broer's theory is that because the University had an obligation "to separately account for student payments" under federal statutes, and to partially remit tuition payments if a student withdrew from a course partway through the semester, the University effectively held his money in trust until it provided him the required educational programs. *Id.* at 131-32 ¶ 150; ECF No. 21 at 23-24.

---

[2] The Fifth Amendment is incorporated against the states by the Fourteenth Amendment, U.S. Const. amend XIV. *See Chicago, B.& Q. R. Co. v. City of Chicago*, 166 U.S. 226, 241 (1897). For simplicity's sake, I refer to Broer's claim simply as a Fifth Amendment takings claim.

The problem with Broer's argument is that—under Florida law—money paid for future services becomes the property of the payee; simply prepaying a contract does not create a trust or bailment over funds paid as consideration. In arguing otherwise, Broer ignores the conceptual distinction between trust and contract. A trust involves the "divided ownership of property," while "[i]n contract, on the other hand, this element of division of property interest is entirely lacking. . . . The interest of the [contract] creditor is a chose in action," not a property interest in money paid as consideration. Amy Morris Hess et al., *Bogert's The Law of Trusts and Trustees* § 17 (June 2021 Update); *see also Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.*, 850 So. 2d 536, 541 (Fla. 5th DCA 2003) (explaining that a "debtor-creditor relationship" formed by "an arm's length transaction [] does not serve as the foundation of any fiduciary relationship").[3]

It is surely true, as Broer claims, that his tuition was consideration for a semester's education. ECF No. 1-1 at 131 ¶ 149. But that does not change the nature of the payment. It is still just a payment to the University; it still does not establish some trust "for the student," as Broer claims. ECF No. 21 at 24. Finally, just because

---

[3] Under some circumstances, a party who breaches an express or implied agreement in bad faith but keeps the nonbreaching party's property will be subject to a judicially imposed "constructive trust" obliging the breaching party to return the consideration to the injured party. *See Saporta v. Saporta*, 766 So. 2d 379, 381-82 (Fla. 3d DCA 2000). But the need to *create* constructive trusts in such circumstances only demonstrates that trusts do not arise in ordinary contract relationships.

4

federal law requires the University to account for the source of tuition payments (at least as to some students), this does not mean students maintain a property interest in those payments.

The cases Broer relies on, ECF No. 21 at 23, are not helpful. They are cases where, as he says, the plaintiffs owned personal funds "in an account managed by another." *Id.* (citing *Larance v. Bayh*, 1995 WL 46718 at *1 (N.D. Ind. Jan. 18, 1995) (discussing money held in inmate trust accounts) and *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 160 (1998) (discussing client funds held in lawyers' trust accounts)). Broer does not seriously allege that the University keeps student funds in such an account for their own use at some future date. Instead, he claims that tuition is an advance payment for the University's future performance. ECF No. 21 at 22. That sets him squarely in the realm of contract—not trust or bailment. *Cf. Lafleur v. State Univ. Sys. of Fla.*, 2021 WL 3727832 at *7 (M.D. Fla. Aug. 2, 2021) *report and recommendation adopted in part*, 2021 WL 3725243 (Aug. 23, 2021) ("Nothing in the Florida statutes create[s] a present possessory interest in any funds paid as tuition or fees, nor do students have an individually identified interest[] in such fees."). Because Broer maintained no property interest in tuition already paid, that tuition money could not be subject to an unconstitutional taking. *See Givens*, 381 F.3d at 1066.

Broer separately argues that he suffered a taking when the University deprived him of his contractual right to receive an in-person education. ECF No. 1-1 at 132 ¶ 151-52. It is true that "[u]nder Florida law, a . . . contract . . . may create a property interest." *Key W. Harbour Dev. Corp.*, 987 F.2d at 727. But "[t]he existence of an enforceable contract with a state or local government entity does not give rise to a *constitutionally protected* property interest." *Id.* (emphasis added). A mere "breach of a contract is neither a confiscation of property nor a taking of property without due process of law." *Shawnee Sewerage & Drainage Co. v. Stearns*, 220 US. 462, 471 (1911). That is because a party who suffers a breach of contract "retain[s] the range of remedies associated with vindication of a contract," *Keane v. Jacksonville Police Fire & Pension Fund Bd. of Trustees*, 775 F. App'x 496, 499 (11th Cir. 2019) (quoting *Castle v. United States*, 301 F.3d 1328, 1342 (Fed. Cir. 2002), so his property interest has not been "depriv[ed] or reduc[ed]" for Fifth Amendment purposes, *Givens*, 381 F.3d at 1066. Broer has not alleged a taking.

## CONCLUSION

Broer has not pleaded a plausible takings claim, so the University's Motion to Dismiss is GRANTED as to Count III. That leaves the Amended Complaint without any federal question, and I decline to exercise supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

The clerk will enter judgment that says, "Plaintiff's Fifth Amendment takings claim (Count III) is dismissed on the merits for failure to state a claim. The remaining claims are remanded to state court." The clerk will take appropriate steps to effect the remand to the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. The clerk will then close the file.

SO ORDERED on October 21, 2021.

s/ <i>Allen Winsor</i><br>
United States District Judge